# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

RAVON L. JETERS, SR.,  
    Plaintiff,

vs.

OHIO DEPARTMENT OF  
REHABILITATION AND  
CORRECTION, *et al.,*  
    Defendants.

Case No. 1:17-cv-756

Black, J.  
Bowman, M.J.

**ORDER AND REPORT  
AND RECOMMENDATION**

    Plaintiff, a prisoner at the Southern Ohio Correctional Facility, has filed a pro se civil rights complaint in this Court pursuant to 42 U.S.C. § 1983. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

    In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th

Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide

2

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff claims that excessive force was used against him on July 24, 2017, while housed in a hunger strike cell in the segregation unit at SOCF. On that day, plaintiff claims that defendant C/O Combs told him that he was not permitted to have a radio in the segregation unit. Plaintiff, along with inmate Bloomfield, asked to speak to a supervisor concerning the radio, however plaintiff alleges that defendant officers Combs, Lute, and Osborne all refused his request and threatened to file "false documentation about [plaintiff and Bloomfield] having food" and have them removed from hunger strike. (*Id.* at PageID 13). Plaintiff claims that defendant Mood came into the block to pass out medications at this time, heard the discussion, "but still let these three officers influence him to the point when they came around to pass out morning medication, I/M Bloomfield was sprayed by C/O Combs" with mace. (*Id.* at PageID 13–14). Plaintiff further claims that the other four officers "all premeditated a false statement and reason to justify saying he was maced cause he tried to hit C/O C. Comb[s] with batteries." (*Id.* at PageID 14).

Following the incident with Bloomfield, plaintiff claims that Lt. Humphries arrived and advised Combs, Lute, and Osborne not to search plaintiff's cell until he returned. (*Id.* at PageID 15). According to plaintiff, the officers disobeyed the order. Defendants Bear, Combs, Lute, and Osborne allegedly got together before approaching plaintiff's cell and telling him to cuff up.

3

Plaintiff claims that out of nowhere he was sprayed with mace on the left side of his face and the back of his head. According to plaintiff, defendant Mood denied him medical attention following the incident. (*Id.* at PageID 18). Plaintiff claims that he suffers from asthma and was left for three to five minutes without being able to breathe or see following the attack. Plaintiff further claims that his property was all taken and the officers filed a false report against him of having food in his cell. As a result of the attack, plaintiff claims that his skin peeled from his face, leaving white spots and—as of the time of filing the complaint—his genital area is bothering him and he still experiences occasional blurred vision. (*Id.*).

Plaintiff claims that after his property was taken he was left only in boxers and socks, with no bedding. According to plaintiff, he requested that defendant officer Kingery get him a bedroll, but that defendant officer Bernard " influence him to not do so all night." (*Id.* at PageID 17). Plaintiff claims that he had to sleep on a blue mat wrapped up in newspaper until the next morning.

For relief, plaintiff seeks monetary damages. (*Id.* at PageID 19).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his Eighth Amendment excessive force claim against defendants Bear, Combs, Lute, and Osborne. Plaintiff may also proceed with his claim that defendant Mood denied him medical treatment. However, plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

As an initial matter, the complaint does not contain any factual allegations against Institutional Inspector Mahlman or Warden Erdos. Accordingly, the complaint should be dismissed as to these defendants.

4

The complaint should also be dismissed to the extent plaintiff has named the Ohio Department of Rehabilitation and Correction as a defendant to this action. Title 42 U.S.C. § 1983 provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ," 42 U.S.C. § 1983. A correctional facility is not a "person" subject to suit under 42 U.S.C. § 1983. *See Parker v. Michigan Dept. of Corrections,* 65 F. App'x. 922, 923 (6th Cir.2003) (Department of Corrections not a "person" under § 1983). Therefore, plaintiff's claims against the ODRC should be dismissed.

Plaintiff's allegations that defendants wrote false conduct reports against him are also subject to dismissal for failure to state a claim upon which relief may be granted. Erroneous or even fabricated allegations of misconduct by an inmate, standing alone, do not constitute a deprivation of a constitutional right. *See, e.g., Reeves v. Mohr*, No. 4:11cv2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) (and cases cited therein) (holding that the prisoner failed to state a claim upon which relief may be granted to the extent that he claimed he had "a constitutional right to be free from false accusations"). "A constitutional violation may occur, if as a result of an accusation, the Plaintiff was deprived of a liberty interest without due process." *Reeves, supra*, 2012 WL 275166, at *2 (citing *Sandin v. Conner*, 515 U.S. 472, 485 (1995)). However, plaintiff's allegations are insufficient to trigger constitutional concerns because he has not alleged any facts even remotely suggesting that he was deprived of a protected liberty interest.

To the extent plaintiff alleges he was deprived of his property without due process of law, his allegations are insufficient to state an actionable § 1983 claim. In order to assert such a claim, plaintiff must first "plead . . . that state remedies for redressing the wrong are inadequate."

5

*Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). *See also Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt*, 451 U.S. 527 (1981). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.,* 360 F.3d 583, 587-88 (6th Cir. 2004). Accordingly, in order to state a procedural due process claim under section 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory*, 721 F.2d at 1066). A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Jefferson*, 360 F.3d at 588.

Plaintiff has not alleged any facts even remotely indicating that his remedies under Ohio law to redress the wrong of which he complains are inadequate. Plaintiff's complaint fails to explain why a state tort remedy for conversion would not suffice to address his claim. *See Fox v. Van Oosterum,* 176 F.3d 342, 349 (6th Cir. 1999). Therefore, he fails to state a due process claim that is actionable in this § 1983 proceeding.

Plaintiff's allegations regarding prison conditions should also be dismissed, as they do not rise to the level of a constitutional violation. As noted above, plaintiff alleges that he was forced to sleep "on a blue mat wrapped up in newspaper until the morning." (Doc. 1-1, Complaint at PageID 17). Plaintiff fails to set forth facts showing the allegedly deficient conditions of his confinement constitute a "serious deprivation of basic human needs" such as food, medical care, or sanitation. *Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981). Plaintiff's allegations simply do not rise to the level of a constitutional violation. *See e.g. Wells v. Jefferson County Sheriff Dept.*, 159 F. Supp.2d 1002, 1011-1012 (S.D. Ohio 2001) ("having to sleep on a

mattress on the floor or being exposed to cold temperatures simply do not rise to the level of a constitutional violation") (citations omitted); *see also Daugherty v. Timmerman-Cooper*, No. 2:10-cv-1069, 2011 WL 3206844, at *3 (S.D. Ohio June 28, 2011) (Report and Recommendation) (collecting cases), *adopted*, 2011 WL 3206844 (S.D. Ohio July 27, 2011). Accordingly, plaintiff's claims against defendants Kingery and Bernard should be dismissed.

Accordingly, in sum, the complaint should be dismissed with the exception of plaintiff's Eighth Amendment excessive force claim against defendants Combs, Lute, Osborne, and Bear and his Eighth Amendment medical care claim against defendant Mood.

## IT IS THEREFORE RECOMMENDED THAT:

The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's Eighth Amendment excessive force claim against defendants Combs, Lute, Osborne, and Bear and his Eighth Amendment medical care claim against defendant Mood.

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the Order granting plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Combs, Lute, Osborne, Bear, and Mood as directed by plaintiff, with costs of service to be advanced by the United States.

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel. Any paper received by a district judge or magistrate judge

which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

    3.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

                                              *s/ Stephanie K. Bowman*
                                              Stephanie K. Bowman
                                              United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

RAVON L. JETERS, SR.,
    Plaintiff,

vs.

OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTION, *et al.,*
    Defendants.

Case No. 1:17-cv-756

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).