**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| RAVON L. JETER, SR., | Case No. 1:17-cv-756 |
| Plaintiff, | Barrett, J. |
| | Bowman, M.J. |
| v. | |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

**I. Background**

Plaintiff, a prisoner at the Southern Ohio Correctional Facility ("SOCF"), filed suit against multiple SOCF employees and institutional Defendants.[1] Upon initial screening, most of Plaintiff's claims were dismissed for failure to state a claim, but an Eighth Amendment claim relating to a July 24, 2017 incident against four Defendants and a related deliberate indifference to medical needs claim against a fifth Defendant were permitted to proceed. (Doc. 4).

Plaintiff recently filed a motion for a temporary restraining order and for a preliminary injunction relief, seeking transfer from SOCF to another facility, on the basis that the named Defendants' "friends," unidentified individual non-parties employed at SOCF, continue to harass Plaintiff in various ways, including by searching his cell and throwing around his property, by making verbal threats, by writing additional false conduct

---

[1] The undersigned takes judicial notice of the fact that this is Plaintiff's second proceeding in this Court. *See Jeter v. Ohio Dept. of Rehab. And Corrections*, Case No. 1:17-cv-756.

reports (a claim dismissed from Plaintiff's original complaint as insufficient to state a claim against Defendants), and by denying him access to his breathing machine on unspecified dates when mace was used against other inmates. Construing Plaintiff's motion liberally, he appears to seek a transfer to another prison facility and/or an order enjoining any SOCF employee or official from "harassing" him, using mace against him, or interfering with his property. (See Doc. 15 at 3-4).

Defendants have filed a response in opposition to Plaintiff's motion. Plaintiff's motion for a temporary restraining order and injunctive relief should be denied for the following reasons.

## II. Analysis

In determining whether to issue a preliminary injunction, the Court must examine four factors: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington–Fayette Urban Cty. Gov't,* 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner,* 228 F.3d 729, 736 (6th Cir. 2000)(additional citation omitted). These factors are not prerequisites, but are factors that are to be balanced against each other. *Id.* (citations omitted).

Plaintiff's allegations are insufficient to show any of these requirements for temporary injunctive relief. Plaintiff fails to allege that any of the named Defendants have taken any action against him. Ordinarily, the Court will not enjoin non-parties, and will not issue injunctive relief that is entirely unrelated to the Plaintiff's underlying claim. *Sidiq v.*

*Champion*, 2006 WL 1275403 at *2 (W.D. Mich., May 8, 2006) (citing *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945)). Moreover, when an injunction is sought by an inmate against state prison officials, the Sixth Circuit has noted that findings of fact in support of any granted relief are "especially critical" since such an order would necessarily intrude "significantly into the prerogatives of state correctional officials." *See Glover v. Johnson,* 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland,* 740 F.2d 432, 438, n. 3 (6th Cir. 1984) ("[W]here state penal institutions are involved, federal courts have a further reason for deference to the appropriate prison authorities")(internal quotation and citation omitted). In addition, an inmate has no constitutionally protected right to a transfer or to be assigned to a particular prison. *Olim v. Wakinekona*, 461 U.S. 238 (1983).

### III. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT** Plaintiff's motion for a temporary restraining order or for preliminary injunctive relief (Doc. 15) be **DENIED**.

                                       */s Stephanie K. Bowman*
                                       Stephanie K. Bowman
                                       United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| RAVON L. JETER, SR., | Case No. 1:17-cv-756 |
| Plaintiff, | Barrett, J. |
| | Bowman, M.J. |
| v. | |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).