**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

RAVEN L. JETER, SR.,

    Plaintiff,

v.

OHIO DEPARTMENT OF REHABILITATION
AND CORRECTION, et al.,

    Defendants.

Case No. 1:17-cv-756

Barrett, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

**I.   Procedural Background**

Plaintiff, an incarcerated individual who proceeds *pro se*, tendered a complaint against multiple defendants on November 9, 2017.[1] Pursuant to local practice, this case has been referred to the undersigned magistrate judge.

On January 3, 2018, the undersigned granted Plaintiff leave to proceed *in forma pauperis* and directed service of the complaint against certain Defendants. While recommending by Report and Recommendation ("R&R") the dismissal of most claims and Defendants, the undersigned determined that an Eighth Amendment claim relating to a July 24, 2017 incident against four Defendants and a related deliberate indifference to medical needs claim against a fifth Defendant should be permitted to proceed. (*See* Docs. 2, 4). Thereafter, Plaintiff filed a motion seeking a temporary restraining order and/or preliminary injunctive relief. (Doc. 15). On July 2, 2018, the undersigned filed a second R&R that recommended denial of that motion. (Doc. 18).

---

[1]This is the second civil rights case filed by Plaintiff in this Court. *See Jeter v. Ahmed*, Case No. 13-cv-244-HRW-SKB (case closed after summary judgment granted to Defendants).

On August 9, 2018, Plaintiff filed a new motion seeking a temporary restraining order and/or preliminary injunctive relief. (Doc. 20). Additionally, Plaintiff has filed a motion for discovery, two motions seeking to amend/correct his complaint, and a motion for "reconsideration" of his prior motion for a temporary restraining order and preliminary injunctive relief. (Docs. 23, 24, 25, 30). This third R&R addresses all but Plaintiff's motion to compel discovery, which is addressed by separate Order.

II. **Analysis of Pending Motions**

  A. **Motion for Temporary Restraining Order and Preliminary Injunction and Motion for Reconsideration of Prior Motion for Temporary Restraining Order and Preliminary Injunction (Docs. 20, 25)**

Plaintiff's first motion for a temporary restraining order and for preliminary injunctive relief sought transfer from SOCF to another facility on the basis that the named Defendants' "friends," unidentified individual non-parties employed at SOCF, continue to harass Plaintiff in various ways, including by searching his cell and throwing around his property, by making verbal threats, by writing additional false conduct reports (a claim dismissed from Plaintiff's original complaint as insufficient to state a claim), and by denying him access to his breathing machine on unspecified dates when mace was used against other inmates. In short, Plaintiff sought transfer to another prison facility and/or an order enjoining any SOCF employee or official from "harassing" him, using mace against him, or interfering with his property. (Doc. 18 at 2; Doc. 15 at 3-4).

Plaintiff's August 20, 2018 renewed motion for a temporary restraining order and for preliminary injunctive relief argues that Defendant Bear violated Plaintiff's Eighth Amendment rights "for the second time" in "retaliation" for Plaintiff's civil suit. (Doc. 20 at 2). In support, Plaintiff has attached more than forty pages of exhibits, consisting mostly

of Informal Complaint Resolutions, "kites," Notification of Grievance forms, and other administrative appeal forms from Plaintiff dated throughout the months of March, April, May, and September of 2018 and involving a wide-ranging array of complaints against multiple SOCF staff members. Plaintiff also has included documents relating to Rules Infraction Board proceedings against another inmate, Robert Tillman, a Conduct Report issued on July 30, 2018 against Plaintiff, and a "Declaration" of another Inmate, Christian Cook, concerning an incident involving Plaintiff's alleged loss of property on March 28, 2018.

On August 31, 2018, Plaintiff filed a "motion to reconsider temporary restraining order" in which he asks this Court to reconsider the prior R&R recommending that a temporary restraining order be denied. (Doc. 25). Plaintiff generally alleges that Defendants and other SOCF employees and officials participating in an "administration of corruption" have engaged in a pattern of "harassment" and "retaliation" since the date that Plaintiff initiated this lawsuit. (*Id.*) Plaintiff again seeks transfer to another facility. Plaintiff attaches twenty-seven pages of administrative grievances and institutional responses to his third motion. While conceding that the grievances are facially "unrelated to the above civil action in nature," Plaintiff argues that they are still relevant because they allegedly prove ongoing harassment against Plaintiff by various SOCF employees. Plaintiff particularly complains about the loss of personal property under the direction of Sgt. Phelps, a non-party to this lawsuit. (*Id.* at 2).

Defendants filed a response in opposition to Plaintiff's first motion for a temporary restraining order and for preliminary injunctive relief, (*see* Docs. 15, 16), but have failed to file additional responses to Plaintiff's two more recent motions for the same relief.

Notwithstanding Defendants' failure to file additional responses, those motions should be denied. Although Plaintiff has attached numerous copies of administrative grievances and conduct reports in an effort to demonstrate a continued pattern of "harassment" against him at SOCF, none of those documents provide an adequate basis for the extraordinary relief that Plaintiff seeks. The analysis set forth in the undersigned's last R&R on this issue remains fully applicable and is therefore repeated in substantial part.

In determining whether to issue a preliminary injunction, the Court must examine four factors: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington–Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (additional citation omitted). These factors are not prerequisites, but are factors that are to be balanced against each other. *Id.* (citations omitted).

Plaintiff's allegations are insufficient to show any of these requirements for temporary injunctive relief. For the most part, Plaintiff fails to allege that any of the named Defendants who remain in this case have taken any action against him. Although Plaintiff includes brief references to Defendant Bear, the administrative grievances largely involve other individuals (many unnamed). The few perceived or implied references to any named Defendant are wholly insufficient to support injunctive relief. Moreover, the Court will not enjoin non-parties, and will not issue injunctive relief that is entirely unrelated to the Plaintiff's underlying claims. *Sidiq v. Champion*, 2006 WL 1275403 at *2 (W.D. Mich.,

May 8, 2006) (citing *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945)).

When an injunction is sought by an inmate against state prison officials, the Sixth Circuit has noted that findings of fact in support of any granted relief are "especially critical" since such an order would necessarily intrude "significantly into the prerogatives of state correctional officials." *See Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. 1984) ("[W]here state penal institutions are involved, federal courts have a further reason for deference to the appropriate prison authorities")(internal quotation and citation omitted). In addition, an inmate has no constitutionally protected right to a transfer or to be assigned to a particular prison. *Olim v. Wakinekona*, 461 U.S. 238 (1983).

With this R&R, the undersigned has recommended the denial of three motions for temporary restraining orders and preliminary injunctive relief that are based on substantially identical allegations. Plaintiff is forewarned that this Court may summarily deny any future motions based on arguments previously presented in this case.

### B. Motions to Amend/Correct Complaint (Docs. 24, 30)

On August 24, 2018, Plaintiff filed a motion seeking to amend his complaint in order to add new allegations relating to the alleged interference with his property (legal paperwork) that occurred on March 28, 2018 when an unidentified SOCF employee moved Plaintiff's property during a cell transfer but left Plaintiff's legal paperwork. Plaintiff does not directly allege, but seems to imply, that the unidentified SOCF official left the legal paperwork as a form of retaliation. Plaintiff alleges that Inmate Porter subsequently packed up the legal paperwork but later lost it. (Doc. 24). On October 29, 2018, Plaintiff

5

filed a new motion seeking to amend his complaint in order to bring new Eighth Amendment claims against Correctional Officer Tabor and Sgt. Tackett based upon a recent incident alleged to have occurred on September 17, 2018, when those two individuals allegedly used excessive force and exhibited deliberate indifference to Plaintiff's serious medical need "for asthma after being maced." (Doc. 30).

Defendants have filed a memorandum in opposition to Plaintiff's first motion to amend based upon the assertion of futility, and because the newly asserted claims are not sufficiently related to the original claims and identified Defendants. (Doc. 26). The undersigned finds Defendants' arguments to be persuasive. Although Defendants have yet to file a response to Plaintiff's second motion to amend his complaint, the undersigned recommends denial of both motions for the same reasons, without the necessity of awaiting a formal response to Plaintiff's most recent motion.

"[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state…a claim under § 1983.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)). "The 'relevant showing in such cases must be more than the prisoner's personal belief that he is the victim of retaliation.'" *Smith v. Yarrow*, 78 Fed. Appx. 529, 540 (6th Cir. 2003) (quoting *Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983)). Neither of Plaintiff's two motions to amend his complaint state anything more than – at most – conclusory allegations of retaliation on the part of SOCF officials. Such allegations fail to state any claim, and would not withstand a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P.

In addition to the futility of the proposed amendments, Plaintiff's motions should be

denied because neither are sufficiently connected to the allegations in his original complaint. *See Dyess v. Mullins*, Case No. 1:16-cv-910, 2017 WL 3838642 at *3 (S.D. Ohio Sept. 1, 2017); *see also Hetep v. Warren*, 27 Fed. Appx. 308, 309 (6th Cir. 2001); *Spencer v. Morgan*, Case No. 1:14-cv-696, 2016 WL 6926351 (S.D. Ohio Nov. 28, 2016), adopted at 2016 WL 7210939 (S.D. Ohio Dec. 13, 2016). All of Plaintiff's initial claims were dismissed except for an Eighth Amendment claim against Defendants Bear, Combs, Lute and Osborne arising out of a July 24, 2017 use of force, and a medical deliberate indifference claim against Defendant Lindamood relating to the same incident. Neither of the proposed amendments involves any of the same Defendants or the same incident.

The addition of unrelated claims against unrelated defendants by prisoners not only can create a legal morass, but also can be a means by which prisoners attempt to avoid the constraints of the Prison Litigation Reform Act, which limits to three the number of frivolous suits or appeals that any prisoner may file without prepayment of a filing fee.[2] *Accord Alford v. Mohr*, Case No. 1:15-cv-645, 2018 WL 327252 at *6 (S.D. Ohio Jan. 5, 2018), adopted at 2018 WL 2943225 (S.D. Ohio June 12, 2018). Even if Plaintiff had more clearly alleged that the proposed amendments were related to the July 24, 2017 incident, a cursory allegation that additional incidents involving new dates and defendants were "retaliatory" does not suffice to establish the propriety of amendment or common issues of fact. *Dyess v. Mullins*, 2017 WL 3838642 at *3.

---

[2]The PLRA also contains a requirement that the prisoner-plaintiff fully exhaust his administrative remedies prior to filing suit in court. Plaintiff's prior lawsuit in this court was dismissed based upon his failure to exhaust. *See Jeter v. Ahmed*, Case No. 13-244. While exhaustion is an affirmative defense, Plaintiff's second motion to amend involves an incident that is so recent that it is inconceivable that Plaintiff would have exhausted his administrative remedies.

### III. Conclusion and Recommendations

For the reasons discussed, **IT IS RECOMMENDED THAT:**

1. Plaintiff's second and third Motions for a Temporary Restraining Order or Preliminary Injunction (Docs. 20, 25) should be **DENIED**;

2. Plaintiff's Motions to Amend/Correct his Complaint (Docs. 24, 30) should be **DENIED**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

RAVEN L. JETER, SR.,

    Plaintiff,

v.

OHIO DEPARTMENT OF REHABILITATION
AND CORRECTION, et al.,

    Defendants.

Case No. 1:17-cv-756

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).