UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RAVON L. JETER, SR., | : | Case No. 1:17-cv-756 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Stephanie K. Bowman |
| vs. | : | |
| | : | |
| OHIO DEPARTMENT | : | |
| OF REHABILITATION | : | |
| AND CORRECTION, *et* | : | |
| *al*., | : | |
| | : | |
| Defendants. | : | |

**DECISION AND ENTRY
ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 48)
AND TERMINATING THIS CASE IN THIS COURT**

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on October 9, 2019, submitted a Report and Recommendation ("R&R"), recommending that Defendants' Motion for Summary Judgment (Doc. 40) be granted and that Plaintiff's complaint be dismissed with prejudice. (Doc. 48). Plaintiff filed a Motion for Extension of Time of 60 days to respond to the R&R, and the Court granted Plaintiff leave "to file any <u>objections</u> to the R&R." (Notation Order, Oct. 30, 2019).

Rather than file objections to the R&R, the Plaintiff filed a "Motion to Suppress" (Doc. 53) and a "Motion to Alter or Amend Defendants' Motion for Summary

1

Judgment/Memorandum in Opposition by Plaintiff" (Doc. 54). Neither motion is authorized as a proper response to the R&R. Once a Magistrate Judge issues an R&R, Rule 72(b) of the Federal Rules of Civil Procedure provides parties with a fourteen-day period (unless extended, as here) by which to file specific, written objections to the R&R. The rules do not contemplate the filing of any motions that request an alternative decision by the Magistrate Judge in ruling on Defendants' Motion for Summary Judgment other than filing objections to the R&R as provided in Fed. R. Civ. P. 72(b). Moreover, the motions are not proper supplemental pleadings under Fed. R Civ. P 15(d). Nevertheless, the Court does not strike the pleadings but instead treats the filings as objections to the R&R.

Plaintiff's "Motion to Suppress" does not seek to suppress evidence, but instead requests access to certain evidence, including additional video footage of the July 24, 2017 incident and mental health records.[1] (Doc. 53). However, Plaintiff had ample opportunity to request discovery, an issue addressed by the Court on several occasions prior to entry of the R&R recommending that Defendants' motion for summary judgment be granted. The Court established a case calendar with a discovery deadline of November 20, 2018. (Doc. 12). On May 7, 2018, Plaintiff filed a motion for production of discovery requesting DVR footage of the July 24th incident (Doc. 13), which the Magistrate Judge struck from the docket, directing Plaintiff to address discovery requests to the Defendants and their counsel (Doc. 14). Plaintiff also filed a motion to compel

---

[1] Plaintiff states that the relevant pepper spray incident occurred on August 24, 2017. However, the record reflects that the incident occurred on July 24, 2017.

discovery seeking footage from a closer video camera (Doc. 23), which the Court denied in an order explaining that Plaintiff failed to properly serve the request or attempt to resolve the perceived discovery dispute prior to filing a motion to compel with the Court (Doc. 33). The R&R also addresses Plaintiff's request for additional, closer video footage, finding that based on the "overwhelming and undisputed evidence that supports the entry of summary judgment, the lack of additional video footage (if it exists) is immaterial." (Doc. 48 at 7). The Defendants' declarations state that Plaintiff made verbal threats and jumped to the font of his cell. Existing video footage corroborates that testimony and shows the officers "simultaneously and reactively jumping back from Plaintiff's cell." (*Id.* at 7). Accordingly, Plaintiff's construed objection concerning the need for more discovery is overruled.

In his "Motion to Alter or Amend Defendants' Motion for Summary Judgment/Memorandum in Opposition by Plaintiff," Plaintiff attempts to point to inconsistencies among the Defendants' testimony, attacking their credibility. (Doc. 54 at 5-8). However, credibility determinations are not appropriate at the summary judgment stage. *Schrieber v. Moe*, 596 F.3d 323, 333 (6th Cir. 2010). Moreover, <u>the Magistrate Judge properly viewed the evidence *in the light most favorable to Plaintiff*, yet found no dispute of material fact relating to Plaintiff's excessive force or deliberate indifference claims</u>. Plaintiff does not dispute that he refused an order to come out of his cell or that he made verbal threats to spit in an officer's face, nor does Plaintiff dispute that he continued to argue after being directed to "cuff up." (*See* Doc. 48 at 5-6). As noted above, video footage shows the officers simultaneously jumping back from Plaintiff's

3

cell right when Sgt. Bear strayed Plaintiff with pepper spray, which corroborates Defendants' testimony that Plaintiff jumped to the front of the cell in a threatening manner. (*Id.* at 7).

Moreover, Plaintiff appears to emphasize that he was left alone for five minutes after being sprayed, but the Magistrate Judge noted in the recitation of the facts that Nurse Brandon Lindamood arrived at Plaintiff's cell within five minutes of the incident. (*See id.* at 7). The five-minute delay does not alter the Magistrate Judge's deliberate indifference analysis. Plaintiff also asserts that he did not refuse to be examined at his September 25, 2017 eye appointment, but that it was canceled due to security issues. (Doc. 54 at 8). However, the record reflects that although Plaintiff's September 25th eye appointment was canceled due to security issues, it was rescheduled for the next day, at which time Plaintiff refused treatment upon learning the copay. (Doc. 40-7 at 67-68). Finally, Plaintiff states that Nurse Lindamood's testimony that peeling skin is not a symptom of pepper spray is contradicted by the nurse practitioner who treated him after the incident. (Doc. 54 at 8). However, it is not clear who the unnamed nurse practitioner was, and Nurse Lindamood was the nurse that responded within five minutes of the incident. (Doc. 40-6). In sum, upon *de novo* review, the Court finds that the Magistrate Judge's recommendations are thorough and accurate, and, accordingly, Plaintiff's construed objections are overruled.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court finds that the

4

Report and Recommendation (Doc. 48) should be and is hereby **ADOPTED** in its entirety.

Accordingly, for the reasons stated above:

1) Defendants' motion for summary judgment (Doc. 40) is **GRANTED**;

2) Plaintiff's complaint (Doc. 3) is **DISMISSED** with prejudice;

3) Defendants' motion to strike (Doc. 56) is **DENIED**;

4) The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court; and

5) The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal of this Order would not be taken in good faith and therefore **DENIES** Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

Date: 2/11/2020

Timothy S. Black
United States District Judge